IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

GEORGE STINSON,                          )
EDWARD D. LEWIS and                      )
GELSCO OF TENNESSEE, INC.,               )
                                         )
    Plaintiffs/Appellees,               )
                                         )    Appeal No.
                                         )    01-A-01-9702-CV-00060
VS.                                      )
                                         )    Davidson Circuit
                                         )    No. 94C-4001
138 FIFTH AVENUE SOUTH, INC.,            )
138 FIFTH AVENUE SOUTH                   )
ASSOCIATES, L.P., ALBERT DEL             )
FAVERO, JR., and METROPOLITAN            )
DEVELOPMENT AND HOUSING                  )
AUTHORITY,                               )
                                         )
    Defendants/Appellants.              )

# CONCURRING OPINION

        I concur in the conclusion that paragraph 17 of the lease was not triggered by the sale from the lessors to MDHA. I am also of the opinion that the critical sentence beginning with "All damages awarded for such taking . . ." refers to a partial taking, because the damages are described later in the sentence as "compensation for diminution in value to the leasehold or to the fee of the property herein leased." A taking of the whole would not diminish the value of the leasehold or the fee; it would extinguish the leasehold and the fee and replace them with a monetary award.

        I am also of the opinion that MDHA should be allowed to pursue its claims for indemnity against the lessors. But we should be careful to point out that we take no position on the legal rights of any of the parties beyond what we announce in this opinion. MDHA bought the property with full knowledge that it was subject to a valid lease. MDHA and the lessors may have been operating

under a mutual mistake about the effect of paragraph 17. Whether MDHA has a valid claim against the lessor must be sorted out by the trial judge on remand.

- 2 -

Likewise, the lessee's inverse condemnation claim may be affected by the prior detainer action in which MDHA got possession of the property. The record of that case is not before us so we do not know what issues were decided that may be pertinent to the issues in the inverse condemnation case. But, the detainer action, being primarily concerned with the right to possession, would involve some of the same issues that are present in the lessee's action for damages.

I emphasize that we take no position on the remaining issues or the relative rights of the parties. Otherwise, I concur in the principal opinion.

I am authorized to state that Judge Koch joins in this concurring opinion.

_____
BEN H. CANTRELL, JUDGE